THE HOWE SEWING MACHINE COMPANY, Respondent,
  *against* FREDERICK HAUPT, Appellant.

(Decided April 2d, 1877.)

A complaint in a justice's court which simply shows that the action is " for the re-
covery of personal property valued at eighty-five dollars " does not allege such a
wrongful taking or detention of property as will sustain an action of replevin, and
does not show any cause of action at all; and when in the justice's court this defect
is pointed out, and the plaintiff having been given leave to amend, does not cure the
defect, and against the objections of the defendant the justice allows the plaintiff
to introduce evidence under such a complaint, instead of dismissing it, this court
on appeal will not conform the pleadings to the proof, but will reverse the judg-
ment.  In such a case, this court on appeal is bound to reverse the judgment.

Where the plaintiff had sold a sewing machine to the defendant's wife, to be paid
for by certain instalments, and to be returned to the plaintiff in case such pay-
ments were not made, in an action against the defendant for the wrongful de-
tention of the machine after a failure to pay certain of the instalments, proof of
non-payment and of a formal demand for the machine on the defendant's wife
(who did not refuse to deliver it), and that thereafter, in a conversation between
the plaintiff's agent, who had made the demand on the defendant's wife and the
defendant, about paying what was due on the machine, the defendant had said
that he would not pay him, but would go to the office and pay;—*Held*, no evi-
dence of a wrongful detention or wrongful conversion of the machine by the de-
fendant.

APPEAL by the defendant from the judgment of a justice's
court in the City of New York.

The facts necessary to an understanding of the questions
decided on the appeal are sufficiently stated in the opinion.

CHARLES P. DALY, Chief Justice.—This judgment cannot
be sustained.  The complaint is simply " for the recovery of
*personal property*, valued at eighty-five dollars."  It does not
set forth upon what ground the plaintiff is entitled to re-
cover the personal property claimed, the nature, kind or
description of which is not even indicated.  It should aver
either a wrongful taking or a wrongful detention of the
property on the part of the defendant, to create a cause of

action against him; and it does neither. The affidavit is in an action for claim and delivery. It avers that the plaintiffs are the owners of a sewing machine which the defendant *wrongfully detained* from them, and we might conform the pleadings to the proof, if the defendant had not called the attention of the court below to the defective character of the complaint, and objected to the giving of any evidence under it, and moved the court to dismiss it on the ground that it disclosed no cause of action, which the court denied.

The complaint might have been amended so as to conform it to the cause of action set forth in the affidavit; but, although the justice allowed the plaintiffs to amend, and they availed themselves of the privilege, their amendments resulted in leaving the complaint substantially as it was. The plaintiffs' counsel seems to have been unable to see the defect in the complaint, telling the court that he understood it as a complaint for the recovery of personal property valued at eighty-five dollars; and that that was the complaint upon which he meant to go to trial. When a party's attention is called to the fact that his complaint discloses no cause of action, and he yet persists in going to trial upon it, and the judge, against the defendant's remonstrance and objection, sustains him, there is no course left for an appellate court but to reverse the judgment.

In furtherance of justice, we are disposed to go very far, in sustaining a judgment in a justice's court where the pleadings are imperfect, but the evidence is sufficient to substantiate it. But there is not enough in this case to enable us to do so. The pleadings not only lack the averment of a demand; but there is no proof in the case of the requisite demand, to entitle the plaintiff to sustain an action for claim and delivery. It appears, upon his own showing, that the sewing machine came into the possession of the defendant's wife, under a contract between her and the plaintiffs for the purchase of it; she signing the name of Peter Röder, under which contract she had paid $50. The plaintiffs claimed the right, under the contract, to repossess themselves of it, through her failure to pay the residue of the purchase money

in the monthly instalments as agreed upon; and to entitle them to maintain an action against the defendant, it was necessary to show that he was in possession of the machine; that a forfeiture had been incurred by failing to pay the instalments, and that, upon a formal demand made upon him for the delivery of the machine, the defendant had refused to give it up. A demand was shown upon his wife. She did not refuse, but the demand being made at an early hour in the morning—between seven and eight o'clock—she said her husband was asleep, and she would wake him up, which it appears she did, and all that took place with him was some conversation about paying what was due upon it;—he, upon the plaintiffs' own showing, saying that he would not pay the person who called upon him, but would go to the office and pay;—he, on his part, testifying that what he wanted was to consult his lawyer, to satisfy himself that what they claimed was right. Upon his cross-examination by the plaintiffs' counsel, he said a demand was made upon him at half-past seven o'clock in the morning; but it is evident that what he referred to was the demand mentioned in the first part of his cross-examination; which was, that when plaintiffs' agent called in the morning, he demanded $35. In his direct examination, the defendant positively swore that no person demanded the machine until the marshal came to take it officially, with the authority of the replevin papers. There was no evidence therefore, in the case, either of a wrongful detention or a wrongful conversion to sustain the action.

Joseph F. Daly and Van Hoesen, JJ., concurred.

Judgment reversed.